**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-20031-CR-BLOOM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

T.H., a minor,

      Defendant.

_____/

**RESPONSE IN OPPOSITION TO THE GOVERNMENT'S**
**MOTION FOR REVIEW AND REVOCATION OF THE RELEASE ORDER**

T.H., through undersigned counsel, respectfully submits this expedited response in opposition to the government's motion for review and revocation of the Release Order issued on February 6, 2026.  D.E. 58.

The government notes in its motion that T.H. has agreed to abide by the terms of the Release Order until the issue of his pretrial detention can be resolved in accordance with the Bail Reform Act.  *See* D.E. 58 at 4 n. 7.  This is an accurate representation of the status quo.  Accordingly, and for the reasons discussed in greater detail below, T.H. respectfully requests that the Court refer this matter to Judge Torres for a detention hearing so that the parties and the judicial officer who issued the Release Order can litigate the issue of pretrial release pursuant to the Bail Reform Act.

Given the extensive length of the hearing that preceded the Release Order, T.H.'s proposed procedure effectively balances the role of the Bail Reform Act with

1

the Court's interest in judicial economy.  Aside from the fact that T.H. has complied with the terms of the Release Order since it was issued more than two months ago, the parties do not anticipate introducing new testimony at the upcoming detention hearing.  Therefore, the Court should refer this matter to Judge Torres for an efficient resolution in accordance with the Bail Reform Act.

## I.   BACKGROUND

On February 2, 2026, T.H. was charged by information for acts of juvenile delinquency allegedly committed on November 6, 2025.  D.E. 3.  One day later, T.H. peacefully surrendered himself at the United States Attorney's Office.  D.E. 11.  And on that same day, Judge Torres appointed the undersigned to represent T.H., released T.H., and ordered T.H. to return three days later for a detention hearing held pursuant to the Juvenile Delinquency Act, 18 U.S.C. §§ 5031, *et seq*.  D.E. 12.  T.H. complied with Judge Torres' order and returned three days later for a detention hearing.

On February 6, 2026, after a three-hour detention hearing, Judge Torres released T.H. pursuant to 18 U.S.C. § 5034 and subject to the terms of the Release Order.  D.E. 24.  Since then, T.H. and his third-party custodian have complied with the terms of the Release Order.

On March 10, 2026, the government filed its superseding indictment.  D.E. 40.  And on April 10, 2026, pursuant to a referral from this Court, Judge Torres entered an order finalizing the transfer to adult prosecution and unsealing the case.  D.E. 54.  The government now seeks to detain T.H. pursuant to the Bail Reform Act.  D.E. 58.

## II.   ARGUMENT

As the past two months have unequivocally demonstrated, there is a combination of conditions that can be placed on T.H.'s liberty to ensure that he is not a danger to the community.[1]   However, neither this Court nor Judge Torres have addressed that question through the lens of the Bail Reform Act.

Although T.H. agrees that the government may move for pretrial detention pursuant to the Bail Reform Act, he opposes the government's motion for pretrial detention and anticipates litigating the issue at a detention hearing held pursuant to the Bail Reform Act.  And because T.H. agrees that a detention hearing is appropriate at this juncture, he respectfully submits that the government's requested status conference is not necessary.

During the course of the three-hour detention hearing that led to the issuance of the Release Order, Judge Torres received "comprehensive" evidence about this case.  D.E. 58 at 4 n. 6.  Accordingly, now that this case has been transferred to adult status, the parties do not believe that additional testimony will be required at a detention hearing held pursuant to the Bail Reform Act.  *Id.*  In other words, whomever presides over the second detention hearing sought by the government will likely receive only argument from the parties—not new testimony—because an extensive factual record was presented to Judge Torres on February 6, 2026.

---

[1] The government did not move to detain T.H. as a flight risk pursuant to the Juvenile Delinquency Act, and it is not moving to detain T.H. as a flight risk pursuant to the Bail Reform Act.  D.E. 58 at 3, 11.  The only asserted basis for detention is dangerousness.

The only foreseeable and relevant updates that could be provided to the Court on the issue of dangerousness are: (1) that T.H. has complied with the Release Order since it was issued by Judge Torres more than two months ago; and (2) that T.H. has agreed to remain bound by the Release Order until the issue of his pretrial release can be analyzed pursuant to the Bail Reform Act.

At bottom, the core disagreement between the parties at this juncture is whether T.H. should be detained before his trial, not because he has violated the terms of the Release Order but only because the government believes that it can prove by clear and convincing evidence that T.H. is a danger to the community despite his compliance with the Release Order and the availability of additional restraints on his liberty. *See* 18 U.S.C. § 3142(f) (discussing the applicable burden of proof). T.H. respectfully submits that the government cannot meet its burden for pretrial detention under the Bail Reform Act, but he recognizes that the government is permitted to move the Court for such relief. Therefore, in the interest of judicial economy, the Court should refer the parties to Judge Torres for a detention hearing.

## III.  CONCLUSION

For the foregoing reasons, T.H. respectfully submits that referring the parties to Judge Torres for a detention hearing is the most efficient and appropriate path forward. A comprehensive factual record has already been developed before Judge Torres, and therefore Judge Torres is uniquely equipped to analyze the government's motion for pretrial detention in accordance with the Bail Reform Act. A status conference regarding the Release Order, which T.H. has agreed to continue abiding

by until such time as the issue of pretrial detention can be decided pursuant to the

Bail Reform Act, is not necessary in light of the detention hearing contemplated by

the government's motion.

Respectfully Submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER
By: */s/ Evan L. Kuhl*
Evan L. Kuhl
Assistant Federal Public Defender
Florida Bar No. 1025143
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000
evan_kuhl@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **April 20, 2026**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Evan L. Kuhl*
Evan L. Kuhl